# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| DARIL WILLIAMS, GABRIEL McNAIRY-McKINSTRY, MICHAEL MORRIS and DEAMON PERRY, on behalf of themselves and others similarly situated, <br>    *Plaintiffs*, <br><br> v. <br><br> BLUETRITON BRANDS, INC., and HENRIK JELERT, <br>    *Defendants*. | § § § § § § § § § § § § | <br><br><br><br><br><br> Civil Action No. 3:22-cv-2438 <br><br><br><br> **Jury Trial Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs Daril Williams, Gabriel McNairy-McKinstry, Michael Morris and Deamon Perry ("Plaintiffs"), on behalf of themselves and similarly situated current and former employees of BlueTriton Brands, Inc. ("Blue Triton"), file this Original Class Action Complaint complaining of Defendants Blue Triton, and Henrik Jelert, and in support states as follows:

## NATURE OF ACTION

1. Plaintiffs, on behalf of themselves and the Plaintiff class, brings this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§201 *et seq*. Plaintiffs contend that Defendants improperly deprived them, as well as the Class, of overtime compensation to which they were entitled to pursuant to 29 U.S.C. §207(a).

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216, which authorizes suit on FLSA claims in federal court.

**Plaintiff's Original Complaint – Page 1**

3. Venue is proper in this Court under 28 U.S.C. § 1391 because all or a substantial part of the events described herein took place in this District.

## PARTIES

4. Plaintiff Daril Williams is a former non-supervisory employee of Defendant. He was employed in the position of a route delivery driver from approximately December 6, 2021 through July 22, 2022. As such he delivered principally water and related items locally from BlueTriton's water filtration and bottling facility at 4718 Mountain Creek Parkway, Dallas, TX 75236. He has consented to the filing of this action, as evidenced by his attestation attached hereto.

5. Plaintiff Gabriel McNairy-McKinstry is a former non-supervisory employee of Defendant BlueTriton. He was employed in the position of a route delivery driver from May 2021 through June 2022. As a route delivery driver, he delivered principally water and related items locally from BlueTriton's water filtration and bottling facility at 4718 Mountain Creek Parkway, Dallas, TX 75236. He has consented to the filing of this action, as evidenced by his attestation attached hereto.

6. Plaintiff Michael Morris is a former non-supervisory employee of Defendant BlueTriton. He was employed in the position of a route delivery driver from April 2021 to approximately September 2022. As a route delivery driver, he delivered principally water and related items locally from BlueTriton's water filtration and bottling facility at 4718 Mountain Creek Parkway, Dallas, TX 75236. With the exception on one week spent working in Pennsylvania, all of his work was performed in the State of Texas. He has consented to the filing of this action, as evidenced by his attestation attached hereto.

7. Plaintiff Deamon Perry is a former non-supervisory employee of Defendant BlueTriton. He was employed in the position of a route delivery driver from April 2020 through September 8, 2022, but he stopped driving routes after an injury on or about August 28, 2021. As

Plaintiff's Original Complaint – Page 2

a route delivery driver, he delivered principally water and related items locally from BlueTriton's water filtration and bottling facility at 4718 Mountain Creek Parkway, Dallas, TX 75236. He has consented to the filing of this action, as evidenced by his attestation attached hereto.

8. Defendant BlueTriton Brands, Inc. ("BlueTriton") is a foreign for-profit organization with principal place of business located at 383 Main Ave., FL 5, c/o Nestle Holdings, Inc., Norwalk, CT 06851-1543. It previously was registered with the Texas Secretary of State under the name Nestle Waters North America, Inc. until an Amendment to Registration filing changed its name to BlueTriton on or about April 30, 2021. It previously also did business under the assumed name Nestle Water USA. It may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

9. Defendant Henrik Jelert was BlueTriton's Chief Executive Officer at the time of some of the events herein alleged, and is believed to be currently in such position. As such, he exercised operational control over BlueTriton's payroll practices. He may be served at BlueTriton's principal office located at 900 Long Ridge Rd., Stamford, CT 06902.

## CLASS ALLEGATIONS

10. Plaintiffs file this case as an "opt-in" class action as specifically allowed by 29 U.S.C. § 216(b). The class that Plaintiffs seek to represent is:

> All individual local route delivery drivers that delivered BlueTriton's products to delivery routes solely in the State of Texas for the period from November 1, 2019 to the present

Plaintiffs seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by the Plaintiffs as required by 29 U.S.C. § 216(b).

11. This action is appropriate for class or collective action status because Defendants have acted in the same manner with regards to all members of the Plaintiff class.

**Plaintiff's Original Complaint – Page 3**

## FACTUAL BACKGROUND

12. At all times relevant to this action, Defendant BlueTriton has been subject to the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

13. For purposes of this action, the "relevant period" is defined as that period commencing on November 1, 2019 and continuing thereafter.

14. Throughout the relevant period, Plaintiffs and the Plaintiff class members have been employed by Defendant in non-supervisory, non-exempt positions.

15. BlueTriton employs at any given time approximately two hundred (200) employees in the position of "route delivery driver" operating out of its Dallas facility, and many more throughout the State of Texas from various other warehouse locations supported by the Dallas bottling facility. Due to the high turnover rate, BlueTriton has employed many hundreds of route delivery drivers over the last three years.

16. Job duties for route delivery drivers consists primarily of delivering water processed at the Dallas bottling facility to consumers across the DFW area and throughout Texas. Plaintiff Williams estimates that approximately 60% of his daily loads were of 5 gallon bottles, and another 20% of his loads were 24 packs of smaller Ozarka or Nestle bottled water. Although he delivered a small amount of Red Bull and other soft drinks, these beverages were largely provided on demand when he arrived at delivery locations. Plaintiff Perry estimates he delivered a higher percentage of water products processed at the Dallas bottling facility. Plaintiff Morris estimates over 80% of his deliveries were water bottles processed at the Dallas facility.

17. All of Plaintiffs' delivery routes were exclusively within the State of Texas. Plaintiffs do not have a CDL, and were not generally required to comply with DOT regulations applying to interstate drivers, such as preparing and keeping a log of hours driven.

18. The job responsibilities of route drivers frequently took over 60 hours per week to perform, depending on the work load in any particular week. Defendant BlueTriton maintains records which will approximate actual time worked, including records showing when employees entered the parking lot, when they left the facility in delivery trucks, and when they returned their trucks to the warehouse.

19. Plaintiff Williams was mistakenly classified as "exempt," and was paid a starting salary of $48,600. His ending salary was approximately $53,950. The other names Plaintiffs were likewise misclassified, and paid salaries.

20. Jelert is an "employer" under the FLSA. He had managerial responsibilities over the class members, as well as substantial control over the terms and conditions of their employment.[1] He possessed the power to hire and fire the employees in question, supervised and controlled their conditions of employment, participating in the determination of the rate and method of payment, and had responsibilities regarding the maintenance of employment records.[2]

**FIRST CLAIM:**
**(CLASS ACTION CLAIM):**
**VIOLATION OF FLSA OVERTIME REQUIREMENTS**

21. By the foregoing acts and omissions, the Defendants violated Plaintiffs' and the Class members' rights under the FLSA and implementing regulations.

22. Defendants' violation of the FLSA was willful.

23. Plaintiffs seek, on behalf of themselves and the Plaintiff Class members, an amount of backpay equal to the underpayment of overtime during the relevant period, together with an equal amount as liquidated damages, attorney's fees, and pre- and post-judgment interest at the highest rate allowed by law.

---

[1] Individuals who meet the statutory definition of employer are jointly and severally liable for a FLSA plaintiff's damages. *Lee v. Coahoma Cnty., Miss.,* 937 F.2d 220, 226 (5th Cir.1991). Whether an individual is an "employer" under the FLSA is a question of fact. *Donovan v. Sabine Irrigation Co., Inc.,* 695 F.2d 190, 195 (5th Cir.1983).
[2] *Gray v. Powers,* 673 F.3d 352, 355 (5th Cir.2012)

**Plaintiff's Original Complaint – Page 5**

24. Plaintiffs respectfully request that the Court apply the doctrine of equitable tolling from the date of the filing of the Original Class Action Complaint (November 1, 2022). The consequence of any delay caused by the Defendant in the production of accurate mailing information for the potential opt-ins, or otherwise improperly delaying the granting of Plaintiffs' anticipated Motion for Class Certification, is that the process of notifying the potential Plaintiffs of this action and providing them the opportunity to opt-in will be delayed through no fault of the potential opt-in Plaintiffs. Under these circumstances, it would be appropriate for this Court to toll the statute of limitations for all potential opt-ins and allow all current and former employees of Defendant to opt-in if they were employed by Defendants at any time from three years prior to the date of the filing of this Complaint through the present. *See, e.g., Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), *citing Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (where being unjustly penalized). *See also, Partlow v. Jewish Osphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760 (9th Cir.1981) (tolling of FLSA statute permissible under equitable tolling doctrine); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990) (equitable tolling generally "permits a Plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim.").

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants be cited to appear and answer herein; that this action be certified as an opt-in class action as allowed under the FLSA, with notice being given to all potential Plaintiffs of their right to opt in; and that upon final hearing, the Court grant Plaintiffs and Plaintiff Class members who have given their consent to suit relief as follows:

A. Declare that Defendants have violated the Fair Labor Standards Act, by failing to pay the Plaintiffs and Plaintiff Class members overtime at one and one half times their regular hourly rate for all hours in excess of 40 worked during each seven day work period;

B. Enjoin Defendants from failing to pay Plaintiff Class members at one and one half times their regular hourly rates for all hours in excess of 40 worked in each seven day work period;

C. Order Defendants to pay each Plaintiff and Plaintiff Class member the difference between what each should have received for overtime hours during the relevant period and what each was actually paid, together with an equal amount as liquidated damages;

D. Order Defendants to pay each Plaintiff and Plaintiff Class member pre-judgment interest for all backpay amounts awarded;

E. Order Defendants to pay Plaintiffs' reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b);

F. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendants; and

G. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to the Plaintiffs and Plaintiff class.

Date:   November 1, 2022.

                    Respectfully submitted,

                    **KILGORE & KILGORE, PLLC**

                    By: /s/ *John H. Crouch, IV*

                      JOHN H. CROUCH, IV
                      State Bar No. 00783906
                      jhc@kilgorelaw.com

                    3141 Hood Street, Suite 500
                    Dallas, TX  75219
                    (214) 969-9099 - Telephone
                    (214) 379-0844 – Fax

                    And, pending admission *pro hoc vice*:

                    Raphael A. Katri, Esq.
                    State Bar No.  24106801
                    Law Offices of Raphael A. Katri, APC
                    8549 Wilshire Blvd., Ste. 200
                    Beverly Hills, CA 90211
                    Email: rkatri@gmail.com
                    Tel: (800) 349-3039
                    Fax: (310) 733-5644

                    **ATTORNEYS FOR PLAINTIFF DARIL WILLIAMS, GABRIEL MCNAIRY-MCKINSTRY, DEAMON PERRY, MICHAEL MORRIS, AND THE PLAINTIFF CLASS**

**Plaintiff's Original Complaint – Page 8**

## CONSENT TO JOIN

I, DARIL WILLIAMS, declare:

1. I am a potential plaintiff and class member in the above-captioned action. The following is of my own personal knowledge and, if called as a witness, I could and would testify thereto.

2. I hereby consent to be joined in this suit against Defendants BlueTriton Brands, Inc., and Henrik Jelert under the Fair Labor Standards Act, 29 U.S.C. §§ 206 *et. seq.,* for unpaid minimum wage and/or overtime wages, and other relief under the FLSA.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 28, 2022, in DeSoto, Texas.

_____
DARIL WILLIAMS

## CONSENT TO JOIN

I, GABRIEL McNAIRY-McKINSTRY, declare:

1. I am a potential plaintiff and class member in the above-captioned action. The following is of my own personal knowledge and, if called as a witness, I could and would testify thereto.

2. I hereby consent to be joined in this suit against Defendants BlueTriton Brands, Inc., and Henrik Jelert under the Fair Labor Standards Act, 29 U.S.C. §§ 206 *et. seq.,* for unpaid minimum wage and/or overtime wages, and other relief under the FLSA.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 28, 2022, in Mansfield, Texas.

_____
GABRIEL McNAIRY-McKINSTRY

## CONSENT TO JOIN

I, MICHAEL MORRIS, declare:

1. I am a potential plaintiff and class member in the above-captioned action. The following is of my own personal knowledge and, if called as a witness, I could and would testify thereto.

2. I hereby consent to be joined in this suit against Defendants BlueTriton Brands, Inc., and Henrik Jelert under the Fair Labor Standards Act, 29 U.S.C. §§ 206 *et. seq.*, for unpaid minimum wage and/or overtime wages, and other relief under the FLSA.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 31, 2022, in Irving, Texas.

_____
MICHAEL MORRIS

## CONSENT TO JOIN

I, DEAMON PERRY, declare:

1. I am a potential plaintiff and class member in the above-captioned action. The following is of my own personal knowledge and, if called as a witness, I could and would testify thereto.

2. I hereby consent to be joined in this suit against Defendants BlueTriton Brands, Inc., and Henrik Jelert under the Fair Labor Standards Act, 29 U.S.C. §§ 206 *et. seq.*, for unpaid minimum wage and/or overtime wages, and other relief under the FLSA.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed on ~~October~~ 3, 2022, in Frisco, Texas.

_____
DEAMON PERRY